UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
**Carol Valentine**

                      Plaintiff,

    -against-

**Aetna Life Insurance Company**

                   Defendants.
-------------------------------------------------------X

COMPLAINT
Civil Action
Docket #

CV 14 1752

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
MAR 18 2014
LONG ISLAND OFFICE

WEXLER, J.
BROWN, M. J.

Plaintiff **Carol Valentine**, complaining of the defendant, by her attorneys, GREY & GREY, L.L.P., respectfully alleges and shows this Court;

### Statement of Jurisdiction

1. That this action arises under the **Employee Retirement Income Security Act of 1974**, U.S.C., Title 29 § 1132(e). (hereinafter "**ERISA**").

### Facts

2. That prior to December 20, 2011,, the **plaintiff**, who resides at East Hampton, NY , was employed by Hubbard Broadcasting and/or its subsidiaries and predecessor corporations (hereinafter collectively referred to as "**Hubbard**").

3. As a **Hubbard** employee she was the beneficiary of a Long Term Disability Policy administered by defendant **Aetna Life Insurance Company** and/or its subsidiaries and predecessor corporations   (Hereinafter referred to as ("**AETNA**" ) ,

4. That upon information and belief, **HUBBARD,** as part of its employee benefit plan, adopted and/or issued a group long-term disability benefits policy issued and/or administered by **Defendant AETNA** .

5. That upon information and belief **Defendan**t issued a long-term disability benefits policy, which is subject to the provisions of **ERISA**.

6. That upon information and belief, at all times hereinafter mentioned, the **Plaintiff** was a qualified and vested participant under **Defendant's** Group Long Term Disability Plan and/or Policy..(hereinafter referred to as "**The Plan**")

7. That upon information and belief, **Defendant** was the administrator and/or insurer of **The Plan**.

8.. That the plaintiff was a beneficiary under **The Plan**.

9. That on or about December 20, 2011 , the **Plaintiff** became disabled within the provisions of **The Plan**.

10.. That upon information and belief, the **Plaintiff** has fully complied with all conditions precedent for receipt of long-term disability benefits issued by **Defendant.**.

11. That upon information and belief, all of the benefits due to the **Plaintiff** in accordance with the policy issued by Defendants were and are vested and Non-forfeitable.

12. That upon information and belief, the **Plaintiff's** claims for long-term disability benefits has been assigned Claim Number 5465356.

13. That **AETNA** initially denied Claim Number 546356

14. That the **Plaintiff** provided a timely appeal of **Defendant's** denial of her claim for continuing long-term disability benefits and submitted additional medical, vocational and testimonial evidence for review.

15. That on or about March 1, 2013, **Aetna** partially reversed the initial decision to deny **Plaintiff's** claim for continuing long-term disability benefits finding that she was disabled only through July, 2012 and that there was insufficient medical evidence of a disability beyond that date. This provided the claimant one month of benefits beyond the elimination period provided by the plan.

16  Subsequent to the March 1, 2013 letter, the **Plaintiff** provided its letter of March 25, 2013 which requested a reconsideration of the unfavorable portion of the decision as it was not consistent with the medical previously in the file and additionally providing further evidence in support of the claim. .

17. Thereafter, the **Defendant** provided its letter of April 5, 2013 which declined to reconsider the claim.

18.. The **Defendant** has indicated to the **Plaintiff** that the decision on appeal was final and that no further administrative appeals were available. Therefore, denial of the **Plaintiff's** claim for continuing long-term disability benefits subsequent to July, 2013   Defendants has  become administratively un-appealable under "**THE PLAN**".

19. That upon information and belief, the **Plaintiff** has exhausted all the

Administrative remedies established by **Defendant.**

20. That the plaintiff has been and remains disabled within the meaning of **THE PLAN**.

## First Cause of Action

## Action Under ERISA

21. That the **Plaintiff** repeats and re-alleges each and every allegation contained in the paragraphs numbered "1" through "20" herein with the same force and effect as though each was fully set forth at length below.

22. That the **Defendant** have wrongfully, and in an arbitrary and capricious manner, denied the plaintiff the employee welfare benefits due to her pursuant to **THE PLAN** under claim 5465356.in violation of the provisions of **ERISA**.

23. That **Defendant** had a duty to fairly, properly, equitably and justly administer its long term disability benefits pursuant **THE PLAN**

24. That by wrongfully denying the plaintiff the long-term disability benefits for which he was eligible, **Defendant** breached it fiduciary duty as the plan's administrator.

**WHEREFORE,** the **Plaintiff** requests judgment against the defendant as follows:

1. Payment of all benefits due under the terms of the long-term disability benefits policy issued by Defendant.

2. Payment of continuing benefits under the terms of the policy.

3. A declaration that all rights and benefits due to the plaintiff are vested and non-forfeitable or, in the alternative, a monetary judgment in the amount of all sums due and owing.

4. Prejudgment interest from the time the plaintiff's benefits were denied.

5. Attorneys' fees, court costs and all other reasonable costs incurred.

6. Such other and further relief as this Court may deem just and proper.

Dated: March 17, 2014
Farmingdale, NY

Ronald L. Epstein

_____
Ronald L. Epstein ( 70)
**GREY & GREY, L.L.P.**
Attorneys for the Plaintiff
360 Main Street
Farmingdale, NY 11735
(516) 249-1342